(109 App. Div. 517.)

CENTRAL TRUST CO. v. WEST INDIA IMP. CO. et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

**1. PLEADING—SUPPLEMENTAL COMPLAINT—EFFECT OF ALLOWANCE.**

Under Code Civ. Proc. § 544, authorizing the court to permit a party to serve a supplemental complaint alleging facts which occurred after the filing of the original complaint, allowing a supplemental complaint to be filed, does not involve a determination that plaintiff is entitled to any other or different relief in consequence of the facts pleaded, but the determination of the effect of the facts so pleaded on the relief to be granted is still open to consideration by the court.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 833.]

**2. SAME.**

Under Code Civ. Proc. § 544, authorizing the court to permit the filing of a supplemental complaint, alleging material facts which occurred subsequent to the original complaint, plaintiff, in an equitable action to compel the delivery of certain securities, should be allowed to serve a supplemental complaint alleging that since the filing of the original complaint the securities have become of no value, so that the court may determine whether he is entitled to judgment for the value of such securities at the time of demand.

**3. APPEAL—SUPERSEDEAS—EFFECT.**

No motion by plaintiff for leave to serve a supplemental complaint can be made pending an appeal to the Court of Appeals from an order of the Appellate Division affirming a judgment against plaintiff.

**4. PLEADING—SUPPLEMENTAL PLEADINGS—PERMISSION TO SERVE—LACHES.**

Mere delay in moving to be permitted to serve a supplemental pleading should not of itself defeat the application on the ground of laches, unless it appears that the delay has caused a substantial injury to some party to the action.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 837, 842.]

**5. SAME.**

A judgment against plaintiff was reversed December 31, 1901. The case was restored to the calendar in May, 1902, and was adjourned by consent from time to time until November, 1902, when it was ordered that it should be tried by a new referee. Plaintiff appealed, and the order was affirmed in December, 1902. The case was set for hearing in November, 1903; the delay being caused by the death of a defendant and by a motion to bring in certain parties. A commission to take testimony of a nonresident was returned in August, 1904; and the reference was adjourned until November of that year. The trial then commenced, and was adjourned from time to time until April 17, 1905, when the referee expressed doubt as to his power to award any judgment other than demanded by the complaint, and the reference was adjourned to enable plaintiff to move for permission to serve a supplemental complaint setting up certain facts which had occurred subsequent to the decision of the Court of Appeals. Held, that plaintiff was not guilty of such laches as to preclude him from obtaining the relief sought.

Patterson and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Central Trust Company of New York, as trustee, against the West India Improvement Company and others. From an order denying a motion for leave to serve a supplemental complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Adrian H. Joline, Paul E. De Fere, Arthur H. Van Brunt, and William M. Coleman, for appellant.

Edward E. Sprague, for respondent Manhattan Trust Company.

Willard Parker Butler, for respondents Chase National Bank and others.

INGRAHAM, J. This action was commenced in January, 1897. It was tried before a referee, who in March, 1898, directed a judgment dismissing the complaint. That judgment was affirmed by this court (48 App. Div. 147, 63 N. Y. Supp. 853), but reversed by the Court of Appeals and a new trial ordered (169 N. Y. 314, 62 N. E. 387). The action was brought to compel the delivery by the defendant the Manhattan Trust Company of certain securities in its possession which the plaintiff claimed had been pledged with it as securities for certain obligations of the West India Improvement Company. After the decision of the Court of Appeals it appeared that these securities had become of no value, whereupon the plaintiff made this motion for leave to serve a supplemental complaint, alleging that fact, and changing the relief demanded from a judgment requiring the Manhattan Trust Company to deliver the securities to the plaintiff to a judgment for the value of the securities at the time the demand was made. This motion was denied, and from that denial the plaintiff appeals.

The application is not for leave to amend the complaint by setting up facts which existed at the time of the commencement of the action, but for leave to serve a supplemental complaint alleging facts that had happened after the action had commenced, and upon which the plaintiff desired to present to the court the question as to the nature of the relief to which it is entitled. The decision of the Court of Appeals being to the effect that the plaintiff was entitled to the possession of the securities at the time it made its demand, and the action being in equity, I think the plaintiff should have been allowed to allege the facts as they now exist, leaving it to the trial court to determine the relief to which the plaintiff would be entitled if the facts thus alleged were proved. The motion is made under section 544 of the Code of Civil Procedure, which provides that:

"Upon the application of either party, the court may permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made."

The allowance of such a pleading does not at all involve a determination that the plaintiff is entitled to any other or different relief in consequence of the facts that are thus pleaded; but, when a party brings himself within the provisions of this section of the Code, unless there is some good reason shown by the opposing party, he should be allowed to present the facts to the court by way of supplemental pleading, so that there can be a determination of the effect of those facts in considering the relief to be granted.

The motion was denied below upon the ground, as stated in the opinion of the learned judge who heard the motion, that—

"Plaintiff either has or has not the right to establish the claim which it urges. If it have such right, it is entitled to assert it, and must eventually secure its consideration. If it have no such right, the court should not, by granting this motion, lay down the rule that ignorance of the law is a sufficient justification of laches."

If it was intended by this to place the denial upon the ground of laches, I do not think that a denial on that ground was justified by the proof. When these facts occurred, there was a judgment against the plaintiff which had been affirmed by this court. While that judgment stood, of course, no motion could have been made for leave to change the pleading. The decision of the Court of Appeals was on December 31, 1901. The case appears to have been restored to the calendar in May, 1902, and was adjourned by consent from time to time, pending the decision of a motion to refer the action. It was finally determined in November, 1902, that the action should be tried before a new referee. From that order the plaintiff appealed to this court, where, in December, 1902, the order was affirmed, whereupon the case was set for hearing before the new referee in November, 1903. This delay was rendered necessary by the death of one of the defendants, and also by a motion to bring in certain of the owners of the securities which were secured by a mortgage made to the defendant Manhattan Trust Company. Those questions were not finally settled until June, 1903. A commission had been issued to take the testimony of a nonresident witness, which was returned in August, 1904. The reference was then adjourned by consent until November, 1904, when the trial commenced before the referee. This trial was continued from time to time until April 17, 1905, when the question as to whether it was necessary to plead these facts arose before the referee, and the reference was then adjourned to allow the plaintiff to make this motion. It is evident that the necessity of pleading these facts to entitle the plaintiff to the relief that it now seeks was not presented until the hearing before the referee. When that question was presented, doubt was expressed by the referee as to his power to award any judgment other than that expressly demanded by the complaint, and this expression of the referee was the immediate cause of the present application.

While it is true that a considerable time has elapsed since the judgment was reversed by the Court of Appeals, the various motions that the parties have made preliminary to bringing the case on to a new trial would largely excuse any delay of the plaintiff in not making this motion before, and it is clear that the necessity of pleading these facts was first brought up for serious consideration after the new trial had proceeded before the referee. It is certainly in the interest of justice that the trial of the case should not go off upon a matter of pleading, and that any relief to which the plaintiff is entitled upon the facts should not be denied it because of a failure to allege facts which exist; and therefore, under our system, a mere delay in making a motion for relief to serve a supplemental pleading should not of itself defeat the application, unless it appears that in some way the delay has caused a substantial injury to a party to the action. The defendants state that several of those interested in this enterprise have died since the decision of the Court of Appeals ordering the new trial, but it is not stated

that either of these parties could give material evidence upon the question as to the value of this property, or that the defendants have really lost any right which they would have had if the motion had been promptly made after the decision of the Court of Appeals. So, in view of the peculiar circumstances of this case, I do not think that the delay in making the application would justify the court in preventing the plaintiff from setting forth, by way of supplemental pleadings, the facts that have happened since the action was commenced and upon which the plaintiff now seeks relief.

The learned judge also seemed to think that by granting this motion the court would "lay down the rule that ignorance of the law is a sufficient justification of laches." The laches in this case consists in a delay in moving for leave to file this supplemental pleading. Whether or not there was laches in a legal sense depends upon the particular circumstances of each case, and the plaintiff does not seek to justify laches, but offers an excuse for the delay, in order to show that there was no laches. We certainly do not mean by this decision to hold that ignorance of law is a justification of laches, but we think that, considering all the facts here stated, the delay was excused, so that, in the absence of affirmative proof that this delay has caused a substantial injury to the defendant, the delay complained of should not operate to defeat the plaintiff's right to have these facts spread upon the record so that they can be considered by the court in determining the relief to which the plaintiff was entitled.

The order appealed from should therefore be reversed, and the motion for leave to file and serve a supplemental complaint annexed to the moving papers granted, without costs either in this court or in the court below.

O'BRIEN, P. J., and CLARKE, J., concur. PATTERSON and HOUGHTON, JJ., dissent.